780 F.2d 1022
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
RONALD LARSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-1016
 United States Court of Appeals, Sixth Circuit.
 11/18/85
 
 AFFIRMED
 E.D.Mich.
 On Appeal from the United States District Court for the Eastern District of Michigan
 Before: ENGEL and KENNEDY, Circuit Judges; and HIGGINS, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant Ronald Larson appeals the order of the United States District Court for the Eastern District of Michigan granting the Seretary's motion for summary judgment and affirming the denial of social security disability benefits under 42 U.S.C. Sec. 405(g). Mr. Larson claims that the Secretary's final decision denying benefits should not have been upheld by the district court because the Secretary's decision was not supported by substantial evidence. Mr. Larson also argues that the administrative law judge improperly disregarded his testimony of physical pain and discomfort.
 
 
 2
 Ronald Larson is a forty-nine year old man with a tenth grade education. For fifteen years he had performed heavy, unskilled work as an equipment repairman for the City of Flint. Mr. Larson claims that he become disabled on February 28, 1978, as a result of an accident at work which caused a severe injury to his left knee. Although Mr. Larson made several attempts to return to work, he is apparently no longer employed. He has been receiving worker's compensation benefits since 1980.
 
 
 3
 On January 15, 1982, Mr. Larson filed an application for social security disability benefits. He claimed a disability of degenerative and progressive arthritic changes in left knee, swelling, disabling pain, inability to concentrate, anxiety, and nervousness. Benefits were denied both initially and upon reconsideration. At Mr. Larson's request, a hearing was held on August 26, 1983, before Administrative Law Judge Dennis L. Runyan (ALJ). Although the ALJ found that Mr. Larson has severe post-traumatic and degenerative arthritis in the left knee, thus preventing him from returning to his past relevant work, the ALJ nevertheless concluded that this condition was not an impairment or combination of impairments listed in Appendix 1, Subpart P, Regulation No. 4. The ALJ also found that Mr.Larson retained the residual functional capacity to perform sedentary work. Accordingly, he recommended a denial of disability benefits. The Appeals Council adopted the ALJ's recommendation. Mr. Larson then sought review of the Secretary's decision in a complaint filed in the United States District Court for the Eastern District of Michigan. The district court referred the matter to Magistrate Marcia G. Cooke, who recommended a reversal of the Secretary's decision because, in her opinion, there was not substantial evidence to support the ALJ's findings. Magistrate Cooke further opined that the ALJ 'totally ignored' certain evidence and failed to point to any medical evidence to support his conclusion that Mr. Larson possessed the residual functional capacity to do sedentary work. The Secretary filed objections to the Magistrate's Report and Recommendation on September 18, 1984. In a Memorandum Opinion and Order dated November 1, 1984, United States District Judge Newblatt rejected the Magistrate's Report and Recommendation, granted the Secretary's motion for summary judgment, and dismissed Mr. Larson's complaint. This appeal followed.
 
 
 4
 On Appeal, Mr. Larson contends that the ALJ's finding that he is not disabled within the meaning of the Act is not supported by substantial evidence. Mr. Larson argues that, contrary to the ALJ's conclusions, his knee injury is a 'severe impairment' under the Act's listed impairments. Mr. Larson also asserts that the ALJ's finding that he retained the residual functional capacity to perform sedentary work, without providing any specific examples of 'specific jobs,' constitutes reversible error. Finally, Mr. Larson contends that the ALJ improperly ignored his testimony of physical pain and discomfort resulting from the knee injury.
 
 
 5
 Upon a careful review of the administrative record as a whole, we agree with United States District Judge Newblatt in his rejection of the Magistrate's Report and Recommendation and in his grant of a motion for summary judgment in favor of the Secretary. While there is no doubt that Mr. Larson severely injured his left knee, we agree that substantial evidence supports the determination of the Secretary that Mr. Larson does not have an impairment or combination of impairments which would indicate him to be totally disabled and that he has residual functional capacity to perform sedentary work.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Higgins, United States District Court for the Middle District of Tennessee, sitting by designation